**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PATRICK NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-00159 (UNA) |
| | ) | |
| U.S. SECRET SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* petition, ECF No. 1, application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); *id* § 1915A(b)(1), mandating dismissal where a plaintiff fails to state a claim upon which relief can be granted.

Plaintiff alleges that the United States Secret Service seized more than $13,000 from him at Union Station in the District of Columbia in July 2011, and that he is entitled to the return of those funds because criminal charges were never filed against him and/or were subsequently dismissed. He ostensibly demands return of the seized funds, citing to 18 U.S.C. § 983(a), (f)(1)–(f)(8).[1]

---

[1] The court notes that plaintiff's previous lawsuits seeking the return of the seized funds–under different legal authority—have also failed. *See Nichols v. U.S. Secret Serv.*, No. 1:18-cv-0606, 2020 WL 2571520, at *2 (D.D.C. May 21, 2020) (dismissing § 1983 claim for lack of subject matter jurisdiction and Takings Clause claim for failure to state a claim); *Nichols v. United States*, No. 17-1847 C, 2018 WL 1940543, at *1 (Fed. Cl. Apr. 25, 2018) (dismissing Takings Clause claim for lack of jurisdiction); *Nichols v. U.S. Secret Serv.*, No. 22-cv-01141 (D.D.C. filed Apr. 25, 2022), at Dismissal Order, ECF No. 12, and Memorandum Opinion, ECF No. 11 (collecting plaintiff's previous cases and dismissing complaint for want of subject matter jurisdiction).

Plaintiff has failed to state a claim upon which relief may be granted.   The Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. §§ 981, 983, relied upon by plaintiff, authorizes the civil forfeiture of funds traceable to an illegal drug transaction, *id.*; *Lopez v. United States*, 2006 WL 2788999, at *10 (D.D.C. Sept. 26, 2006), but "persons who might have a claim of ownership of the [seized] asset must be given notice of their right to contest the forfeiture[.]" *McKinney v. U.S. Dep't of Justice Drug Enforcement Admin.*, 580 F. Supp. 2d 1, 3 (D.D.C. 2008); *see* 18 U.S.C. § 983(a).  Under certain conditions, if a person fails to receive such notice, they "may file a motion to set aside a declaration of forfeiture[,]" 18 U.S.C. § 983(e), which plaintiff has attempted to do here.  Plaintiff, however, has not alleged that he did not receive notice of a pending forfeiture in accordance with the statutory requirements, instead he generally alleges that he is entitled to the return of his property.  Therefore, he has failed to state a claim under the CAFRA.

Moreover, the fact that plaintiff was never criminally charged, or alternatively, that any charges were dismissed, is irrelevant.  When a defendant is acquitted, or charges were dismissed, or even when charges are never brought or no arrest is made, the government may still pursue a related civil forfeiture.  *See U.S. v. Property Ident. as 3120 Banneker Dr. N.E., Wash. D.C.*, 691 F. Supp. 497, 499–500 (D.D.C. 1988) (finding that "[i]n contrast to the criminal forfeiture laws, where conviction is a prerequisite for forfeiture of the property . . . a property is subject to civil forfeiture even if its owner is acquitted of—or never called to defend against—criminal charges.") (collecting cases); *see also Martin*, 717 F. Supp. 2d at 94, 99–100 (dismissing case after claimant failed to bring a timely claim to contest the forfeiture of his funds, even though "[n]o arrest was made, nor were any drugs found in connection with the search of" the claimant).  The Supreme Court has held that,

> [f]irst, . . . it is absolutely clear that in rem civil forfeiture has not historically been regarded as punishment . . . Second, there is no

> requirement . . . that the Government demonstrate scienter in order to establish that the property is subject to forfeiture; indeed, the property may be subject to forfeiture even if no party files a claim to it and the Government never shows any connection between the property and a particular person.

*U.S. v. Ursery*, 518 U.S. 267, 291–92 (1996).

As such, the petition is dismissed for failure to state a claim.  An order consistent with this memorandum opinion is issued separately.


_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date:   February 7, 2023